L GASKINS, Judge.
■ The plaintiff, Precision, Inc., appeals a judgment in favor of the defendants, John S. Turner, Jr. and William C. Windham. The trial court granted the defendants’ motions for summary judgment, dismissing the plaintiffs claims against the defendants individually. For the following reasons, we affirm.
FACTS
In October 1992, North Louisiana Regional Hospital, a Louisiana partnership' (the “Partnership”), began operating a psychiatric hospital in Shreveport. The Partnership was formed by two corporations, Precision, Inc. (“Precision”) and North Louisiana Regional Hospital, Inc. (“NLRH”). The written articles of partnership allocated a one-third interest to Precision and a two-thirds interest to NLRH. Article Seven provided that any action concerning the Partnership’s business required the unanimous written consent of the partners.
The sole shareholder and president of Precision is Dr. Richard Williams, a licensed psychiatrist. The shareholders of NLRH are John Turner and William Windham. In 1993, Precision and NLRH *1018 joined in the formation of Orleans Regional Hospital, L.L.C. (“ORH”), to operate a psychiatric hospital in New Orleans. The parties also created additional entities to perform psychiatric services, including Magnolia Health Systems, L.L.C.; Children’s Hospital of Vicksburg, L.L.C.; Success Counseling, L.L.C.; Spectrum Community Mental Health Center, L.L.C.; and Magnolia HMO, Inc. (“Other Entities”). Although the partners could not agree on the | ¿method of operation of these entities, Precision was listed as a member of the Other Entities in the initial reports of organization filed with the State.
In 1995, Louisiana changed the Medicaid reimbursement program and the Partnership’s hospital in Shreveport lost revenue. Unable to agree on the future operation of the hospital, Precision and NLRH executed a written settlement agreement in April 1996. Pursuant to the settlement, Precision was paid $733,333 toward its partnership interest. The parties also agreed that the Partnership would be dissolved on or before April 30, 1996, and that NLRH could continue hospital operations in the same facility with a different company and owners.
Shortly after the parties signed the contract, the Partnership was notified by the Louisiana Office of Inspector General (“OIG”) that it was considering a recommendation to the State to collect an alleged overpayment of approximately $3,569,778. After receiving the notice, NLRH asserted a belief that dissolution of the Partnership would increase the likelihood that the State would pursue collection of the alleged overpayment. Consequently, NLRH decided that dissolution was not in the Partnership’s best interest at the time and refused to comply with the settlement agreement.
Subsequently, the plaintiff, Precision, filed suit against the defendants, NLRH, John Turner and William Windham, alleging that the failure to dissolve the Partnership was a breach of the settlement agreement and that the transfer of partnership funds to the Other Entities by NLRH violated the partnership articles. The plaintiff also alleged that Turner and | aWindham were personally liable for intentional interference with a contract based on the failure of NLRH to dissolve the Partnership and the transfer of partnership funds without Precision’s consent.
NLRH filed a motion for summary judgment seeking a declaration by the district court that Precision was a member of the Other Entities as a matter of law. The motion was denied. In July 1999, Turner and Windham moved for partial summary judgment, seeking dismissal of the plaintiffs claim for intentional interference with a contract. After a hearing, the district court granted the motion for partial summary judgment, finding that the plaintiff failed to present factual support sufficient to satisfy its evidentiary burden of proving an absence of justification for the breach of the settlement contract.
The plaintiff filed an amended petition alleging that it had withdrawn from the Partnership on March 31, 1996, and that Turner and Windham were individually liable for inducing NLRH to breach the partnership articles by failing to pay the plaintiff the value of its partnership interest on the date of withdrawal and by distributing partnership funds without the plaintiffs written consent. Subsequently, Turner and Windham filed another motion for summary judgment, seeking dismissal of all of the plaintiffs claims against them individually for intentional interference with a contract based on the alleged breach of the partnership articles.
In May 2000, the district court issued written reasons for judgment finding that because the plaintiffs withdrawal termi *1019 nated the Partnership, NLRH was not obligated to immediately pay the plaintiff the value of its ^partnership interest under La. C.C. art. 2824 Official Comment (c). The court determined that the plaintiff could not establish factual support for its claim to the partnership interest as a withdrawing partner, as required by 9 to 5 Fashions v. Spurney, 538 So.2d 228 (La.1989). The court also found that the plaintiff possessed actual knowledge of the loans to the Other Entities, but did not object, and thus tacitly ratified the distribution of partnership funds by NLRH. The court rendered judgment in favor of the defendants, dismissing the plaintiffs claims against Turner and Windham. The plaintiff appeals the judgment.
DISCUSSION
The plaintiff contends the trial court erred in granting summary judgment in favor of Turner and Windham. The plaintiff argues that a genuine issue of fact exists concerning the question of whether Turner and Windham were justified in breaching the settlement agreement.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. The mover has the burden of establishing the absence of a genuine issue of material fact. If the mover will not bear the burden of proof at trial on the matter, then he is required to point out to the court the absence of factual support for one or more elements essential to the adverse party’s claim or action. La. C.C.P. art. 966(C)(2).
LThe party opposing summary judgment cannot rest on the mere allegations of his pleadings, but must show that he has evidence which could satisfy his evidentiary burden at trial. If he does not produce such evidence, then there is no genuine issue of material fact and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2). Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477.
The Louisiana Supreme Court has defined the elements which must be established to sustain a claim for intentional interference with a contract: 1) a contract or legally protected interest must exist between the plaintiff and the corporate defendant; 2) the corporate actor must know of the contract; 3) the officer must intentionally induce or cause the corporation to breach the contract; 4) there must be an absence of justification on the part of the corporate actor; and 5) the breach of contract must cause damages to plaintiff. 9 to 5 Fashions v. Spumey, supra.
In the present case, evidence was presented showing that the plaintiff had signed a settlement contract with NLRH to dissolve the Partnership and that Turner and Windham knew about the agreement. The plaintiff submitted evidence of the settlement agreement provisions, in which the defendants expressly stated their consent to dissolve the Partnership. The plaintiff also presented an affidavit by Dr. Williams, who stated that he had never agreed that the dissolution of the Partnership would not occur. In | fitheir memorandum filed in support of the motion for summary judgment, Turner and Windham acknowledged that they decided not to dissolve the Partnership as provided in the settlement contract.
*1020 Turner and Windham assert that their refusal to dissolve the Partnership was justified because they relied on legal advice. Their attorney, Randall Davidson, stated in his affidavit that he had advised NLRH that dissolution would not be in the best interest of the corporation because the State would be more likely to seek recovery of the overpayments alleged by the OIG.
One of the elements the plaintiff must establish under 9 to 5 Fashions v. Spur-ney, supra, is an absence of justification on the part of the corporate actor. Turner and Windham pointed out to the court the notification from the State that the Partnership may have been overpaid by more than three million dollars and that they had been advised by their attorney that a dissolution of the Partnership might adversely affect the State’s decision to pursue collection. The plaintiff, at that point, had to show evidence that it could satisfy its evidentiary burden. The plaintiff did not make this showing, and therefore, there being no genuine issue of material fact, the movers were entitled to summary judgment.
Partnership Agreement
The plaintiff contends that Turner and Windham induced NLRH to breach the partnership contract by transferring partnership funds without the written unanimous consent of the partners. The plaintiff argues that |7summary judgment was not appropriate because the subjective facts of intent and justification on the part of Turner and Windham were at issue.
The mover for summary judgment has the burden of establishing the absence of a genuine issue of material fact. If the mover will not bear the burden of proof at trial on the matter, then he is required to point out to the court the absence of factual support for one or more elements essential to the adverse party’s claim or action. La. C.C.P. art. 966(C)(2). Pursuant to 9 to 5 Fashions v. Spumey, supra, in order to recover the plaintiff must establish that it was damaged as a result of the breach of the partnership contract.
Here, Turner and Windham submitted excerpts from the affidavit of Dr. Williams, who testified that the loans of partnership funds had been repaid with interest. After reviewing the record, we cannot say the district court erred in concluding that the evidence of repayment demonstrated that the plaintiff would be unable to produce factual support sufficient to satisfy its evidentiary burden at trial of proving the element of damages. Thus, a genuine issue of material fact does not exist and summary judgment was properly granted. The plaintiffs argument lacks merit.
The plaintiff also argues that Turner and Windham breached the partnership agreement by failing to pay Precision the full value of its partnership interest. As the district court found, the partnership agreement does not specifically address the voluntary withdrawal of a partner. We note that Article Twelve of the partnership contract concerns dissolution | sand provides that the Partnership will continue until dissolved either by the expiration of fifty years or by the mutual consent of the partners.
The record shows that Precision and NLRH agreed to dissolve the partnership in accordance with the terms of the April 1996 settlement agreement, which provides the method for liquidation of the Partnership and distributions to the partners. Thus, the plaintiffs claim for payment of the value of its partnership interest is governed by the provisions of the settlement agreement. Consequently, the record supports the district court’s conclusion in finding that the plaintiff failed to produce sufficient evidence to establish that it *1021 was entitled to receive payment of its interest as a withdrawing partner under the partnership contract. The plaintiffs argument lacks merit.
CONCLUSION
For the foregoing reasons, we affirm the district court judgment. Costs of this appeal are assessed to the appellant, Precision, Inc.
AFFIRMED.
WILLIAMS, J., dissents with written reasons.